**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BRISTOL ESTATES AT TIMBER
SPRINGS HOMEOWNERS'
ASSOCIATION,

                  Plaintiff,

-vs-                                              Case No. 6:12-cv-435-Orl-31GJK

JOHN C. GLIHA and ROCHETTA E.
GLIHA,

                  Defendants.

## ORDER

This matter comes before the Court *sua sponte* on the Notice of Removal (Doc. 1) filed by the Defendants, John C. Gliha and Rochetta E. Gliha (the "Glihas"). The Glihas removed this action to foreclose a homeowners' association lien yesterday, asserting in their "Jurisdictional Memorandum in Support of Removal" (Doc. 4) that the Court possesses original jurisdiction because the Plaintiff – the Bristol Estates at Timber Springs Homeowners' Association, Inc. – is a national banking association. (Doc. 4 at 1). This assertion is patently frivolous. And the Glihas should be on notice that the assertion is frivolous, as they removed this same state court case here in May 2011. *See Bristol Estates at Timber Springs Homeowners' Association, Inc. v. Gliha*, Case No. 6:11-cv-858-Orl-GAP-GJK (henceforth, *Gliha I*). The Notice of Removal in *Gliha I* was supported by a "Jurisdictional Memorandum" identical to the one filed in this case.

In *Gliha I*, the matter was quickly remanded back to state court, and an award of attorneys' fees was imposed on the Defendants pursuant to 28 U.S.C. § 1447(c). By all appearances, the same result is proper here.

In addition, the procedures for removal outlined in 28 U.S.C. § 1446(a) provide that the parties signing the notice or removal do so pursuant to Rule 11 of the Federal Rules of Civil procedure. By presenting a paper to the Court, the parties certify that to the best of their knowledge, information and belief, the paper presented meets certain criteria including, but not limited to, that it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed.R.Civ.P. 11(b)(1) -(4). On its own initiative, the Court may order a party to show cause why sanctions should not be imposed for an apparent violation of Rule 11. Fed.R.Civ.P. 11(c)(3). Given the obvious absence of merit in this removal, the Court finds that such an order to show cause is warranted.

In consideration of the foregoing, it is hereby

**ORDERED** that this case is **REMANDED** to the County Court of the Ninth Judicial Circuit, in and for Orange County, Florida.[1] And the Defendants are hereby

**ORDERED TO SHOW CAUSE** by written response why sanctions should not be imposed pursuant to Rule 11 for removing this matter a second time on such obviously inadequate grounds. Such written response shall be filed not more than 14 days from the date of this order

---

[1] To the extent that the Plaintiff has incurred any costs or expenses, including attorneys' fees, as a result of this improper removal, it is entitled to recover them pursuant to 28 U.S.C. § 1447(c). If it wishes to recover these expenditures, the Plaintiff should file an application in this case listing them.

and shall not exceed ten pages in length.  Failure to file the required response may result in the imposition of sanctions without further notice.

     **DONE** and **ORDERED** in Chambers, Orlando, Florida on March 21, 2012.

                                           GREGORY A. PRESNELL
                                   UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party